UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DAMONE DANIEL, | ) |
|     Petitioner, | ) Case No. CV 16-5323-VAP(AJW) |
|   v. | ) |
| | ) MEMORANDUM AND ORDER |
| PEOPLE OF THE STATE OF CALIFORNIA, | ) DISMISSING PETITION |
|     Respondent. | ) |

On July 19, 2016, petitioner filed this petition for a writ of habeas corpus challenging his state court conviction for resisting arrest. He filed an amended petition on August 25, 2016. This case is subject to summary dismissal for the following reasons. See Rule 4 of the Rules Governing Section 2254 Cases.

This case is premature because petitioner's conviction is not final. Petitioner's direct appeal, which was filed in the California Court of Appeal on August 15, 2016, is currently pending.[1] The Ninth Circuit has held that "a district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending."

---

[1] See www.appellatecases.courtinfo.ca.gov. The state court docket also reveals that petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal on August 25, 2016, and, like petitioner's direct appeal, that petition is currently pending.

1  Henderson v. Johnson, 710 F.3d 872, 874 (9th Cir. 2013) (citing
2  Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983)); see Reynolds
3  v. Beard, 2015 WL 10353142, at *2 (C.D. Cal. Nov. 16, 2015)
4  (explaining that a habeas corpus petition was subject to dismissal
5  where the petitioner's appeal was pending before the California Court
6  of Appeal), report and recommendation adopted, 2016 WL 721298 (C.D.
7  Cal. Feb. 23, 2016).

8      Federal intrusion into petitioner's ongoing state criminal
9  proceedings is also precluded by Younger v. Harris, 401 U.S. 37
10 (1971).[2] See Spring Comm'n, Inc. v. Jacobs, 134 S. Ct. 584, 586 (2013).
11 "[O]nly in the most unusual circumstances is a defendant entitled to
12 have federal interposition by way of injunction or habeas corpus until
13 after the jury comes in, judgment has been appealed from and the case
14 concluded in the state courts." Drury v. Cox, 457 F.2d 764, 764-765
15 (9th Cir. 1972) (per curiam). Although Younger abstention may not be
16 warranted if a prosecution is "undertaken by state officials without
17 hope of obtaining a valid conviction" or if a challenged criminal
18 statute is "flagrantly and patently violative of express
19 constitutional prohibitions", Perez v. Ledesma, 401 U.S. 82, 85
20 (1971), petitioner has not made such a showing.

21     Finally, this Court may not grant habeas corpus relief unless
22 petitioner has exhausted all available state judicial remedies by
23 presenting each of his claims to the highest state court. See 28

---

[2] The policy underlying Younger abstention is sufficiently important that federal courts may raise the issue sua sponte. Martinez v. Newport Beach City, 125 F.3d 777, 781, n. 3 (9th Cir.1997), overruled on other grounds, Green v. City of Tucson, 255 F.3d 1086 (9th Cir. 2001); Romero v. California, 2012 WL 1570080, at *2 (C.D. Cal. May 3, 2012)(citing New Orleans Public Service, Inc. v. Council of New Orleans, 491 U.S. 350, 368 (1989)).

2

U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (the exhaustion doctrine is designed to give state courts a full and fair opportunity to resolve federal constitutional claims before they are presented to the federal courts). Petitioner has not done so.

Accordingly, this case is dismissed without prejudice to its refiling after petitioner's state criminal proceedings, including his direct appeal, are completed and his federal claims have been properly presented to the California courts.

**It is so ordered.**

Dated: September 8, 2016

_____
Virginia A. Phillips
Chief United States District Judge

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| **DAMONE DANIEL,** | ) |
| Petitioner, | ) No. CV 16-5323-VAP(AJW) |
| vs. | ) |
| **PEOPLE OF THE STATE OF CALIFORNIA,** | ) **JUDGMENT** |
| Respondent. | ) |

   **It is hereby adjudged** that this action is dismissed without prejudice.


Dated: _____

_____
Virginia A. Phillips
United States District Judge